**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | |
|---|---|
| MICKIE E. KENNEDY<br>10640 Jones Road<br>Kingsville, Maryland 21087<br>(Baltimore County)<br><br>and<br><br>MEK ENTERPRISES, LLC<br>10640 Jones Road<br>Kingsville, Maryland 21087<br>(Baltimore County),<br><br>    Plaintiffs,<br><br>v.<br><br>GREGORY J. LYTLE<br>1519 Bayo Vista Avenue<br>San Pablo, California 94806,<br><br>    Defendant. | Case No. 16-cv-03549 |

**COMPLAINT**

Plaintiffs Mickie E. Kennedy ("Kennedy") and MEK Enterprises, LLC ("MEK"), by undersigned counsel, allege as follows for their Complaint against Defendant:

**NATURE OF THE SUIT**

1. This is an action for a declaration of the parties' rights regarding the Internet domain names advoke.com and advoke.org (the "Advoke Domain Names"). Specifically, Plaintiffs seek a declaration that: (a) Plaintiffs did not engage in cybersquatting through their registration of the Advoke Domain Names beginning in

2005; and (b) Plaintiffs have not engaged in trademark infringement through their registration and use of the Advoke Domain Names.

2. This action is necessary because Defendant has engaged in conduct best described as trademark bullying. Having had his many attempts to purchase the Advoke Domain Names refused by Plaintiffs, Defendant is now threatening to pursue a baseless lawsuit seeking to force Plaintiffs to give up domain names that they have owned since long before Defendant obtained a trademark registration for ADVOKE.

3. Defendant's threatened abuse of the judicial process has the potential to cause substantial harm to Plaintiffs and their intellectual property. Accordingly, Plaintiffs are entitled to a declaratory judgment.

## PARTIES

4. Plaintiff Mickie E. Kennedy is an individual residing at 10640 Jones Road Kingsville, Maryland 21087.

5. Plaintiff MEK Enterprises, LLC is a Maryland Limited Liability Company with a principal office located at 10640 Jones Road, Kingsville, Maryland 21087.

6. Defendant Gregory J. Lytle is an individual residing at 1519 Bayo Vista Avenue, San Pablo, California 94806.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. §§ 1114, 1116, and 1125.

8. This Court has personal jurisdiction over Defendant both because: (a) on information and belief, Defendant has extensive and ongoing business contacts in the state of Maryland; and (b) the Advoke Domain Names are owned within this judicial

district and Defendant has intentionally directed his activities and claims toward this judicial district.

9. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

10. On or around April 19, 2005, Plaintiffs registered the Internet domain name advoke.com.

11. Plaintiffs have used the advoke.com domain name to display information about a white label web hosting service.

12. On November 9, 2012, Defendant filed trademark application number 85775687 with the United States Patent and Trademark Office, seeking to register the mark ADVOKE in International Class 35 in connection with "Advertising and business consulting services, including marketing consultation, research and media buying services; brand and identity development; consulting services relating to implementation of marketing strategies and product promotion; public relations; developing and implementing promotional and advertising materials for others; developing promotional campaigns for business; producing, directing and implementing radio, television, internet, print and other media campaigns."

13. Defendant's trademark application specifies a sworn date of first use in commerce of ADVOKE by Defendant of May 12, 2012.

14. In or around May 2016, attorney Krista Kim of Valence Law Group, PC sent an undated letter to Plaintiffs on behalf of Defendant alleging that Plaintiffs' use of advoke.com "is likely to cause confusion, mistake, or to deceive the public into believing that there is some relationship to" Defendant. A copy of the letter is attached hereto as

Exhibit A.

15. On or around June 13, 2016, David E. Weslow, counsel to Plaintiffs, sent a response to Ms. Kim's letter, advising her that: (a) "MEK Enterprises could not have infringed on Mr. Lytle's trademark rights more than seven years before the date that Mr. Lytle claims to have begun using the mark"; and (b) the services offered by Plaintiffs using the Internet domain name advoke.com and by Defendant using the ADVOKE mark are so different that they could not possibility result in confusion of sponsorship, affiliation, or connection.  A copy of the letter is attached hereto as Exhibit B.

16. Nevertheless, in a letter dated September 12, 2016, Ms. Kim threatened to proceed with a lawsuit if Plaintiffs refuse to sell Defendant the Advoke Domain Names for a price well below the market value of the names.  A copy of the letter is attached hereto as Exhibit C.

## COUNT I

### DECLARATORY JUDGMENT
(No Cybersquatting/Bad Faith)

17. Plaintiffs reallege and incorporate each and every allegation set forth above as if fully set forth and restated herein.

18. The actions described above evidence the absence of bad faith, within the meaning of Anticybersquatting Consumer Protection Act, by Plaintiffs, as owners of the Advoke Domain Names.

19. The actions described above evidence that the Advoke Domain Names were not registered with the specific intent to profit from Defendant's then non-existent trademark rights.

20. The actions described above evidence a belief by Plaintiffs that the

registration and use of the Advoke Domain Names were a fair use or otherwise lawful.

21. The actions described above evidence reasonable grounds for belief by Plaintiffs that the registration and use of the Advoke Domain Names were a fair use or otherwise lawful.

22. An actual and justiciable controversy exists between Plaintiffs and Defendant and, pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiffs are entitled to a declaration that they did not engage in bad faith or any other act of cybersquatting in the registration or use of the Advoke Domain Names.

## COUNT II

### DECLARATORY JUDGMENT
### (No Trademark Infringement)

23. Plaintiffs reallege and incorporate each and every allegation set forth above as if fully set forth and restated herein.

24. Defendant has asserted that registration and use of the Advoke Domain Names constitutes trademark infringement under the Lanham Act.

25. The actions described above indicate that Plaintiffs are not using the Advoke Domain Names in a manner that infringes on Defendant's ADVOKE mark.

26. An actual and justiciable controversy exists between Plaintiff and Defendants and, pursuant to 28 U.S.C. §§ 2201 and 2202, Defendants are entitled to a declaratory judgment that Defendants, as owners of the Advoke Domain Names, have not engaged in trademark infringement.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Enter judgment on their behalf against Defendant on all counts;

2.  Enter an order finding an absence of bad faith, within the meaning of Anticybersquatting Consumer Protection Act, by Plaintiffs, as owners of the Advoke Domain Names;

3.  Enter an order finding an absence of trademark infringement, within the meaning of the Lanham Act, by Plaintiffs, as owners of the Advoke Domain Names;

4.  Enter an order enjoining Defendant from any and all further efforts to force Plaintiffs to transfer the Advoke Domain Names to Defendant;

5.  Enter an order finding the case to be exceptional and awarding Plaintiffs their reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a); and

6.  Award such other and further relief as the Court deems just and proper under the circumstances.

Dated: October 25, 2016    By:    /s/
                                  David E. Weslow (Bar No. 15407)
                                  Ari S. Meltzer (Bar No. 18397)
                                  WILEY REIN LLP
                                  1776 K St. NW
                                  Washington, DC 20006
                                  (202) 719-7000 (phone)
                                  (202) 719-7049 (fax)
                                  dweslow@wileyrein.com
                                  ameltzer@wileyrein.com

                                  *Counsel for Plaintiffs Mickey E. Kennedy and MEK Enterprises, LLC*